```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22809-CIV-UNGARO
                              MAGISTRATE JUDGE P. A. WHITE

REGGIE PONCE DE LEON,         :

     Plaintiff,               :

v.                            :
                                      REPORT OF
JACKSON MEMORIAL HOSPITAL, ET AL., :   MAGISTRATE JUDGE

     Defendants.              :
_____
```

I.  Introduction

The plaintiff Reggie Ponce DeLeon has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 6].

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>    the court shall dismiss the case at any time
>    if the court determines that –
>
>                    *   *   *
>
>    (B) the action or appeal –
>
>                    *   *   *
>
>    (i)   is frivolous or malicious;
>
>    (ii) fails to state a claim on which
>    relief may be granted; or
>
>    (iii) seeks monetary relief from a
>    defendant who is immune from such
>    relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered

3

conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names as defendants Jackson Memorial Hospital, which is not a proper defendant in this case, and Jackson Nurse Robert Tudor.  The plaintiff alleges that Tudor was negligent in allowing him to be released from the hospital when there was a bullet that was still lodged in his chest. Although not clear, it appears that the incident occurred in conjunction with an arrest.

The constitutional duty to render medical care is generally considered to arise under the Fourteenth Amendment's Due Process Clause for pretrial detainees or the Eighth Amendment's Cruel and Unusual Punishment prohibition for convicted prisoners. See, e.g. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989).  The Supreme Court, however, has not divided the category of "pretrial detainee" into subgroups, such as persons who have merely encountered a police officer and are not in custody or under arrest, persons in police custody, arrestees and pretrial detainees (in a detention facility). See, e.g. City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-245 (1983)(discussing the difference between pretrial detainees, including the plaintiff therein who was injured during an arrest, and convicted prisoners). Likewise, the Eleventh Circuit relies on only two general categories, pretrial detainees (including all persons not convicted) and convicted prisoners, and applies the Fourteenth Amendment "deliberate indifference" to the former and the Eighth Amendment "cruel and unusual" standard to the latter, though the standards are, for analytical purposes, identical. See Thomas v. Town of Davie, 847 F.2d 771 (11 Cir. 1988)(applying the

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

Fourteenth Amendment to a claim of the alleged denial of medical care by police to an arrestee, who was labelled a "pretrial detainee" although the claim arose while the plaintiff was in police custody but prior to actual detention); also see Crosby v. Monroe County, 394 F.3d 1328, 1335 (11 Cir. 2004)(same).

Other federal appellate and district courts recognize three categories of individuals:  arrestees and other individuals who come into contact with police officers in the "free world;" pretrial detainees housed in detention facilities awaiting disposition of pending criminal charges and convicted prisoners. The courts that draw a distinction between arrestees and detainees conclude that because the Fourth Amendment reasonableness standard applies to excessive force claims arising during the period of time before a person is arrested until the time the person leaves the custody (sole or joint) of the arresting officer, it would be illogical to hold that a plaintiff is an arrestee governed by the Fourth Amendment for certain types of claims such as excessive force and not an arrestee for other claims, such as denial of needed medical treatment immediately after the person is transferred from police custody to pretrial detention.  These courts reason that police officers should be held to an objective standard of reasonableness for all of their conduct before a judicial officer commits an arrestee to a pretrial holding facility.  See, e.g. Estate of Phillips v. City of Milwaukee, 123 F.3d 586, 596 (7 Cir. 1997) (holding that police officers were objectively reasonable in handling plaintiff's medical situation during seizure); Powell v. Gardner, 891 F.2d 1039, 1044 (2 Cir. 1989) ("We think the Fourth Amendment should probably be applied at least to the period prior to the time when the person arrested is arraigned or formally charged, and remains in the custody (sole or joint) of the arresting officer"); cf. Boone v. Spurgess, 385 F.3d

923, 933-34 (6 Cir. 2004) (explaining without deciding that "there seems to be no logical distinction between excessive force claims and denial of medical care claims when determining the applicability of the Fourth Amendment"). See also Arum v. Miller, 331 F.Supp.2d 99, 111 (E.D.N.Y. 2004) (applying Fourth Amendment to claim of denial of medical care at time of arrest); Freece v. Young, 756 F.Supp. 699, 703 (W.D.N.Y. 1991) (applying Fourth Amendment to claim for denial of medical care).

The Eleventh Circuit has apparently never been squarely faced with the question of whether the Fourth, rather than the Fourteenth, Amendment might apply to allegations of denial of medical care by arresting police officers. The Thomas case appears to be the controlling authority at this time, holding that the substantive due process clause of the Fourteenth Amendment requires the responsible government or governmental agency to provide medical care to persons who have been injured while being apprehended by the police. In light of the absence of Eleventh Circuit precedent distinguishing between alleged denial of medical care by police to an arrestee and alleged denial of medical care by pretrial detention officials, this Court should apply the Fourteenth Amendment "deliberate indifference" standard in this case, rather than the Fourth Amendment's objective reasonableness standard. The distinction is important because, under the Fourth Amendment standard, the Court need only to decide, upon a view of the evidence most favorable to the plaintiff, whether the asserted denial of medical treatment was objectively unreasonable. Under the Fourth Amendment, the denial of medical care to an arrestee is thus judged as but one component of the objective reasonableness standard for any "seizure" and is evaluated by reference to the totality of circumstances and the reasonable person standard. Under the Fourteenth Amendment due process standard, however, the

issue is whether the plaintiff was deprived of life or liberty without due process of law.

A claim of denial of medical care requires a showing of acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs or the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97 (1976); Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb County Reg'l Detention Center, 40 F.3d 1176, 1187 (11 Cir. 1994). The standard is met only where egregious conduct is present, as in instances where a state actor fails to respond to a known medical problem.

The plaintiff has not raised sufficient factual allegations so that a Fourteenth Amendment claim can proceed against Nurse Tudor. Liberally construed, the plaintiff alleges only that Tudor did not recognize that the need to remain in the hospital. The plaintiff does not allege that Nurse Tudor acted with a culpable state of mind, deliberate indifference, necessary to state a constitutional claim. At most, the facts may support a negligence claim, which is not cognizable in a federal civil rights action. It is therefore recommended that the claim be dismissed as defendants in this case pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

III.   Recommendation

Based on the foregoing, it is recommended that the Complaint [DE# 1] be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for

7

failure to state a claim upon which relief may be granted, and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 21st day of October, 2009.

UNITED STATES MAGISTRATE JUDGE


cc:  Reggie Ponce DeLeon, Pro Se
     No. 080042701
     Dade Pretrial Detention Center
     1321 N.W. 13th Street
     Miami, FL 33125